Morris Int'l, Inc. v. Packer, 2020 NCBC 70.

| | |
|---|---|
| STATE OF NORTH CAROLINA<br><br>MECKLENBURG COUNTY<br><br>MORRIS INTERNATIONAL, INC.,<br><br>           Plaintiff,<br><br>v.<br><br>ANTHONY WILLIAM PACKER; PACKER INVESTMENT COMPANY, INC.; PA&K, LLC; OLDE BEAU GENERAL PARTNERSHIP; KPP, LLC; KENNINGTON INVESTMENT COMPANY, INC.; BARRY POOLE; LAURA POOLE; SHERRI KENNINGTON FAGAN; KRISTI KENNINGTON HALL; and KATHY KENNINGTON DAVIS,<br><br>           Defendants. | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION<br>20 CVS 2156<br><br><br><br>**ORDER AND OPINION ON THE KENNINGTON DEFENDANTS' AND PACKER DEFENDANTS' MOTIONS TO DISMISS** |

THIS MATTER comes before the Court on Defendants Sherri Kennington Fagan, Kristi Kennington Hall, Kathy Kennington Davis, and Kennington Investment Company, Inc.'s ("Kennington Defendants") Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings ("Kennington Defendants' Motion," ECF No. 26), and Defendants Anthony William Packer, Packer Investment Company, Inc., PA&K, LLC, Olde Beau General Partnership, and KPP, LLC's ("Packer Defendants"), Motion to Dismiss ("Packer Defendants' Motion," ECF No. 29; collectively, Kennington Defendants' Motion and Packer Defendants' Motion are referred to as the "Motions").

THE COURT, having considered the Motions, the applicable law, and other appropriate matters of record, CONCLUDES that the Motions should be DENIED, without prejudice, for the reasons set forth below.

*Morris Law Firm, PLLC, by Bradley C. Morris, for Plaintiff Morris International, Inc.*

*James, McElroy & Diehl, P.A., by Fred B. Monroe, for Defendants Sherri Kennington Fagan, Kristi Kennington Hall, Kathy Kennington Davis, and Kennington Investment Company, Inc.*

*Vann Law Firm, P.A., by Christopher M. Vann, for Defendants Anthony William Packer, Packer Investment Company, Inc., PA&K, LLC, Olde Beau General Partnership, and KPP, LLC.*

*Jerry Meek, Attorney at Law, PLLC, by Gerald F. Meek, for Defendants Barry Poole and Laura Poole.*

McGuire, Judge.

1.  On January 30, 2020, Plaintiff filed the Complaint in this matter, (ECF No. 3), and on March 2, 2020, Plaintiff filed the Amended Complaint. (ECF No. 4.) On March 3, 2020, this case was designated a mandatory complex business case and assigned to the undersigned. (Designation Order, ECF No. 1; Assignment Order, ECF No. 2.) The Amended Complaint alleged certain causes of action against Kennington Defendants and against Packer Defendants.

2.  Kennington Defendants filed their Answers on March 30, 2020. (ECF Nos. 24, 25.) Kennington Defendants filed Kennington Defendants' Motion one day later, on April 1, 2020. (ECF No. 26.) Kennington Defendants moved for dismissal under both Rules 12(b)(6) and 12(c). (*Id.*)

3.  Packer Defendants filed their Answer on April 8, 2020 at 1:06:50 p.m.. (ECF No. 28.) Packer Defendants immediately thereafter filed the Packer Defendants' Motion. (ECF No. 29.)

2

4. On March 30, 2020, Defendants Barry Poole and Laura Poole filed their respective motions to dismiss pursuant to Rule 12(b)(6), ("Poole Motions," ECF Nos. 19 and 21), but neither has yet filed an answer to the Amended Complaint. The Poole Motions remain pending before the Court for decision.

5. A motion to dismiss under Rule 12(b)(6) "shall be made *before pleading if a further pleading is permitted*." N.C.G.S. § 1A-1, Rule 12(b) (emphasis added). Accordingly, this Court has held that under the plain language of Rule 12(b), "a motion to dismiss for failure to state a claim must be . . . filed prior to an answer." *Johnston v. Johnston Props., Inc.*, 2018 NCBC LEXIS 119, at *14 (N.C. Super. Ct. Nov. 15, 2018); *see also New Friendship Used Clothing Collection, LLC v. Katz*, 2017 NCBC LEXIS 72, at *24 (N.C. Super. Ct. Aug. 18, 2017). If a party fails to make a Rule 12(b)(6) motion before filing a responsive pleading, however, the defense is not waived; rather, pursuant to Rule 12(h)(2), the party may raise the *defense*: (1) in any pleading permitted or ordered under Rule 7(a); (2) by motion for judgment on the pleadings; or (3) at trial. *Id.* § 1A-1, Rules 12(b), 12(h)(2). In addition, a post-answer Rule 12(b) motion to dismiss for failure to state a claim may, *if appropriate*, be considered as a Rule 12(c) motion for judgment on the pleadings. *New Friendship*, 2017 NCBC LEXIS 72, at *24 (emphasis added).

6. A Rule 12(c) motion is appropriately filed "[a]fter the pleadings are closed but within such time as not to delay the trial." N.C.G.S. § 1A-1, Rule 12(c). However, "'[t]he pleadings are not closed until *all defendants have filed an answer*, even when one defendant has filed a motion to dismiss instead of answering.'" *New*

*Friendship*, 2017 NCBC LEXIS 72, at \*25–26 (quoting *Garvey v. Seterus, Inc.*, No. 5:16-cv-00209-RLV, 2017 U.S. Dist. LEXIS 97373, at \*35 (W.D.N.C. June 23, 2017) and other authority) (emphasis added).

7.      Here, Packer Defendants filed the Motion pursuant to Rule 12(b)(6), but did so after they had filed their answer.  Therefore, Packer Defendants' Motion is not timely filed and cannot be properly considered by the Court.  *Johnston v. Johnston Props., Inc.*, 2018 NCBC LEXIS 119, \*13-15 (N.C. Super. Ct. Nov. 15, 2018) (finding defendants' motion to dismiss under Rule 12(b)(6), filed two minutes after its answer, untimely).  Accordingly, the Packer Defendants' Motion should be DENIED, without prejudice.

8.      Similarly, Kennington Defendants moved to dismiss under Rule 12(b)(6) after filing their answer, so the Court cannot consider Kennington Defendants' Motion under Rule 12(b)(6).  Kennington Defendants additionally moved, in the alternative, for dismissal under Rule 12(c).  However, the pleadings are not closed because Barry Poole and Laura Poole have not yet filed answers (or otherwise received a determination on the Poole Motions).  Therefore, the Court cannot consider the Kennington Defendants' Motion under Rule 12(c).  *New Friendship*, 2017 NCBC LEXIS 72, at \*26 (court denied without prejudice defendant's Rule 12(b)(6) motion to dismiss and held that it could not exercise its discretion to convert it into a Rule 12(c) motion because, although moving defendant had filed an answer prior to its motion, the other defendants in the lawsuit had not yet filed answers).[1]

---

[1] For the same reason, the Court declines to exercise its discretion to treat Packer Defendants' Motion as a motion under Rule 12(c).

4

THEREFORE, IT IS ORDERED that Packer Defendants' Motion and Kennington Defendants' Motion are DENIED, without prejudice to their respective rights to file motions under Rule 12(c) at such time as the pleadings have been closed by the filing of answers by all Defendants, or determination of the Poole Motions have otherwise rendered the pleadings closed.

SO ORDERED, this the 8th day of October, 2020.

/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge for
Complex Business Cases